UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF TENNESSEE
                  NASHVILLE DIVISION


ROBERT S. JESTER             ]
     Plaintiff,               ]
                              ]
v.                            ]      No. 3:15-0183
                              ]      Judge Campbell
DAVIDSON COUNTY DISTRICT      ]
ATTORNEY'S OFFICE, et al.     ]
     Defendants.              ]


# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is a resident of Old Hickory, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County District Attorney's Office; the Metro Davidson County Police Department; Pam Anderson, an Assistant Prosecutor in Davidson County; and the Davidson County Criminal Court System; seeking injunctive relief and damages.

On June 28, 2014, the plaintiff was arrested by Metro police and was charged with public intoxication and vandalism. He claims to be innocent of the charges and believes that he was falsely imprisoned by the defendants.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Neither a county police department, a District Attorney's Office, nor a county court system are "persons" subject to liability under 42 U.S.C. § 1983. *see e.g.,* Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is not a "person" subject to liability under § 1983). Therefore, the plaintiff has failed to state a claim against these entities for § 1983 relief.

The plaintiff also seeks relief from Pam Anderson, a Davidson County prosecutor. Prosecutors, though, enjoy absolute immunity from monetary claims for conduct within the scope of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Moreover, the injunctive relief sought by the plaintiff, i.e., for the charges to be dropped, is also not available in this instance. Younger v. Harris, 401 U.S. 37 (1971). Thus, the plaintiff has also failed to state an actionable claim against Pam Anderson.

When the plaintiff has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

					_____
					Todd Campbell
					United States District Judge